# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| ] | **FILED UNDER SEAL** |
| **v.** ] | |
| ] | **CR-03-BE-0530-S** |
| **RICHARD M. SCRUSHY,** ] | |
| ] | |
| Defendant. ] | |
| ] | |

## ORDER UNDER SEAL

This matter comes before the court on Defendant's motion filed under seal seeking an *in camera* review of all materials presented to the Grand Jury that returned the Superseding Indictment (doc. # 355). In addition, Defendant seeks an order requiring the Government to submit *ex parte* and *in camera* an affidavit identifying all testimony, material, etc., presented to the Grand Jury that referenced the death of William Massey, Jr., or any reference to the HealthSouth Security Department. Defendant requests that the affidavit be followed by an *in camera* review of such materials, with a subsequent order, if appropriate, directing the Government to furnish those materials to defense counsel.

Before ruling on this motion, the court reviewed the entire 123-page transcript of William Owens' testimony before the first Grand Jury, in which the alleged prosecutorial misconduct occurred. Taken in context, the court finds that the line of questioning did not rise to the level of prosecutorial misconduct or, alternatively did not render the proceedings fundamentally unfair. Therefore, for the reasons stated below, the Defendant's motion is DENIED.

## POSITIONS OF THE PARTIES

The Defendant contends that the questions directed to grand jury witness William Owens by an Assistant United States Attorney were "... calculatedly prejudicial ..." because the U.S. Attorney had made a "gratuitous suggestion ... that 'Richard Scrushy's personal accountant had been killed.'" (doc. #355, p.4). The Defendant apparently contends that this area of inquiry amounts to prosecutorial misconduct in violation of the Fifth Amendment due process clause or the provisions of the Sixth Amendment. Defendant observes that "dismissal [of an indictment] for prosecutorial misconduct before the grand jury is appropriate under the Court's supervisory power if it is established that the violation substantially influenced the grand jury's decision to indict or if there is grave doubt that the decision to indict was free from the substantial influence of such violation." (*Id.* at pp.5-6, citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256,108 S. Ct. 2369 (1988)).

The Government filed a response to the motion dated January 6, 2004 (doc. # 301). In its response to the Defendant's motion, the Government contends that the alleged misconduct does not rise to an infringement upon the Grand Jury's ability to exercise independent judgment; that the allegation of misconduct is misplaced in that the questions were asked to explore a legitimate question concerning the corporate culture at HealthSouth; and that no legal authority supports the Defendant's request. The court also reviewed the reply filed by the defense on January 19, 2005 (doc. # 368).

## APPLICABLE LAW

Historically, the Grand Jury has operated as an autonomous body, independent of the court or prosecutors. See *Stirone v. United States*, 361 U.S. 212, 218, 80 S. Ct. 270, 273, 4 L. Ed. 2d 252 (1960); *Costello v. United States*, 350 U.S. 359, 362, 76 S. Ct. 406, 408, 100 L. Ed. 397 (1956). In

recognition of the independence of the Grand Jury, the Court has explained that although the Grand Jury "may not itself violate a valid privilege," it may consider incompetent evidence. *United States v. Calandra*, 414 U.S. 338, 346, 94 S. Ct. 613, 619, 38 L. Ed. 2d 561 (1974).

A court may not dismiss an indictment even for prosecutorial misconduct without a showing "that 'the violation substantially influenced the grand jury's decision to indict.'" *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256, 108 S. Ct. 2369, 2370, 101 L. Ed. 2d 228 (1988), quoting *United States v. Mechanik,* 475 U.S. 66, 78, 106 S. Ct. 938, 945, 89 L. Ed. 2d 50 (1986) (O'Connor, Jr., concurring). However, isolated exceptions do arise to the harmless-error rule. *Bank of Nova Scotia*, 487 U.S. at 256, 108 S. Ct. at 2374; *see also United States v. Cramer*, 864 F.2d 99, 101 (11th Cir. 1988). These exceptions generally are limited to cases in which "the structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair, allowing the presumption of prejudice." *Bank of Nova Scotia*, 486 U.S. at 257, 108 S. Ct. at 2374.

The Defendant compares the questioning of Mr. Owens in a single page of the 123 pages of testimony to the allegations of misconduct addressed by the Eleventh Circuit in the vacated panel opinion in *United States v. Sigma International*, 196 F.3d 1314 (11th Cir. 1999). As the Government has correctly noted, the *Sigma* opinion was vacated and is of no precedential value. The Defendant relies upon the factual findings in *Sigma* to argue that a level of prosecutorial misconduct may lead to the dismissal of an indictment.

A review of the complete Grand Jury testimony of William Owens and the context in which the questions were asked related to the death of the personal accountant of the Defendant makes clear that no prosecutorial misconduct occurred. The questions were asked in part to explain the reluctance of another HealthSouth employee to meet with Mr. Scrushy. The Assistant United States Attorney

did not erroneously inform the Grand Jury that a homicide had occurred, nor that Mr. Scrushy was in any way involved in such an event. In context, the questions are not inflammatory, although they may not have been necessary. Whether such questions were prudent is not the question. The issue before the court is whether the allegation of misconduct is sufficiently viable to warrant a more searching inquiry. It is not.[1]

Because the questioning of Mr. Owens did not constitute prosecutorial misconduct, the court finds that no further review of the Grand Jury materials is warranted. The court recognizes that the Defendant's motion does not seek dismissal of the indictment but "seeks only a reasonable procedure to determine the scope of the misconduct." (doc. # 368, fn. 1) The goal of Defendant's motion, however, is to determine whether "any additional misconduct occurred" so that the Defendant can file additional motions "as necessary." (*Id*. at 2, 8). The court has no doubt that sufficient information was presented to the Grand Jury to support the indictment, even if the questioning concerning Mr. Massey's death were prosecutorial misconduct, so that a subsequent motion to dismiss would be futile.

After consideration of the testimony, and the material provided by the Government at the court's request, the Defendant's motion is due to be and is hereby DENIED.

The clerk is directed to file this Order under seal.

DONE and ORDERED this the 21st day of January, 2005.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[1]/ However, this Order should not be construed as any indication that this court will allow questioning of any witnesses about "rumors" about Mr. Massey's death. The court specifically reserves ruling on whether the prejudicial effect of such testimony would outweigh its probative value.