FILED
2005 Apr-15 AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. CR-03-BE-0530-S |
| ) | |
| RICHARD M. SCRUSHY, ) | |
| ) | |
| Defendant. ) | |

## MOTION TO DEPOSE MONZER HOURANI AND TO ALLOW USE OF DEPOSITION TESTIMONY AT TRIAL

COMES NOW the Defendant, Richard M. Scrushy, by and through undersigned counsel, and hereby moves this Court, pursuant to Fed.R.Crim.Pr. 15, to enter an order allowing the videotaped deposition of Monzer Hourani to be taken in Houston, Texas and for the videotaped deposition to be used at trial in lieu of live testimony.

### ARGUMENT

Defendant Scrushy intends to elicit testimony from Mr. Monzer Hourani on behalf of the defense at trial. Mr. Hourani is a resident of Houston, Texas. However, Mr. Hourani is unable to travel to Birmingham, Alabama at this time due to health problems associated with surgery Mr. Hourani recently underwent, as well as other health problems from which Mr. Hourani presently suffers, See *Defendant's Exhibit 1*. Accordingly, Defendant Scrushy hereby moves the Court to enter an order allowing the defense and prosecution to depose Mr. Hourani in Houston, Texas by written transcript and videotape, and to further allow the videotaped deposition testimony to be offered in lieu of his live testimony at trial.

Fed.R.Crim.Pr. 15(a)(1) provides, in part, that "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." Regarding the use of deposition testimony as evidence at trial, Rule 15(f) provides that "[a] party may use all or part of a deposition as provided by the Federal Rules of Evidence.

Fed.R.Evid. 804 is applicable to the issue before the Court. Regarding the use of deposition testimony at trial, Rule 804(b)(1) provides as follows:

> **(b) Hearsay Exceptions**. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) *Former Testimony*. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, has an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

Regarding the definition of "unavailability" as applied to Fed.R.Evid. 804, Rule 804(a)(4) provides that a witness is unavailable if he is "unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity...".

In *U.S. v. Drogoul*, 1 F.3d 1546 (11th Cir. 1993), the Eleventh Circuit held that "the Federal Rules of Criminal Procedure expressly authorize parties to take depositions and use them at trial, when doing so is necessary to achieve justice and may be done consistent with the defendant's constitutional rights."[1] Defendant Scrushy would submit to the Court that Mr. Hourani's testimony is of paramount importance to his defense, and that it would therefore be "in the interest of justice" to allow Mr. Hourani's deposition to be taken.

Mr. Hourani is expected to provide testimony which will demonstrate that he had business dealings related to Healthsouth with a variety of the government's witnesses. Mr. Hourani is further expected to testify that these same witnesses instructed Mr. Hourani to deal directly with them and to avoid Richard Scrushy, and that they alone were in control of the company's finances. Mr. Hourani is further expected to testify that at least one of the government's witnesses had Healthsouth involved in a multi-million dollar real estate project, and that the witness was hiding many of the

---

[1] 1 F.3d 1546, 1551-1552 (11th. Cir. 1993)

details surrounding the project from Richard Scrushy. Mr. Hourani is further expected to testify that the witness further asked Mr. Hourani to not inform Mr. Scrushy of the details because the witness feared that he would be fired if Mr. Scrushy discovered the truth. In light of the charges that have been levied against Mr. Scrushy, Mr. Hourani's testimony is necessary to achieve justice and to protect Mr. Scrushy's constitutional rights as contemplated by Fed.R.Crim.Pr. 15.

Furthermore, Defendant Scrushy would offer that Mr. Hourani's medical condition and inability to travel constitutes "exceptional circumstances" as contemplated in Fed.R.Crim.Pr. 15(a)(1). Several courts have held that infirmity of a witness constitutes an "exceptional circumstance" under Fed.R.Crim.Pr. 15 and have allowed a witness's testimony to be taken by deposition and admitted at trial in lieu of live testimony. In *U.S. v. Keithan*, the First Circuit was faced with a similar question and held as follows: "In the instant case government witnesses Frank and Hattie Robidoux were of advanced age. They suffered from physical infirmities which prevented them from leaving their home which was sixty miles from the courthouse. Such physical infirmities qualify as 'exceptional circumstances.'"[2] In *U.S. v. Donaldson*, the Seventh Circuit ruled in a similar fashion when confronted with a witness who had recently delivered a child and been hospitalized with chest pain.[3] In so ruling, the court held,

> [f]irst, we reemphasize that the determination that Salazar was unavailable falls within the discretion of the district court. We see no abuse of that discretion on these facts--Salazar had recently delivered a child, had been hospitalized the day before she was to testify with chest pain, and experienced chest pain again when she attempted to rise from her bed the day of her scheduled testimony.

See also *U.S. v. Butler*, 116 Fed.Appx. 877, 878 (9th Cir. 2004)(unpublished) and *U.S. v. Rickertson*, 498 F.2d 367, 374 (7th Cir. 1974).

---

[2] 751 F.2d 9, 12 (1st Cir. 1984)

[3] 978 F.2d 381, 393 (7th Cir. 1992)

It should also be noted that the burden of proof on a criminal defendant in requesting that a witness's testimony be entered via deposition is substantially lower than when the prosecution requests the same. This is because a criminal defendant making such a request does not have to address issues regarding the Sixth Amendment right to confront witnesses. Accordingly, this is a request to which Mr. Scrushy should be given wide latitude.

## CONCLUSION

For the foregoing reasons, the Defendant hereby moves this Court to enter an order allowing the videotaped deposition of Monzer Hourani to be taken in Houston, Texas; and to allow the videotaped deposition to be entered into evidence in lieu of his live testimony.

Respectfully submitted this 15th day of April, 2005.

*[signature]*
H. LEWIS GILLIS

OF COUNSEL:

THOMAS, MEANS, GILLIS & SEAY, P.C.
505 - 20th Street North
Suite #400 - Financial Center
P.O. Drawer 11365
Birmingham, Alabama 35202

OF COUNSEL:         DONALD V. WATKINS, ESQ.

Donald V. Watkins, P.C.
2107 Highland Avenue
Suite 100
Birmingham, Alabama 35203

OF COUNSEL                    ARTHUR W. LEACH, ESQ.

c/o **THOMAS, MEANS, GILLIS & SEAY, P.C.**
505 - 20th Street North
Suite #400 - Financial Center
Birmingham, Alabama 35202

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon th

placing a copy of same in the United States mail, postage prepaid and prope

15th day of April, 2005.

>Honorable Alice Martin
>United States Attorney
>Northern District of Alabama
>1801 Fourth Avenue North
>Birmingham, Alabama 35203
>
>Richard Smith, Esq.
>United State Attorney
>Northern District of Alabama
>1801 Fourth Avenue North
>Birmingham, Alabama 35203

OF COUNSEL